IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JUSTIN GOINS, | ) | CASE NO. 1:23 CV 2343 |
| Plaintiff, | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| CUYAHOGA COUNTY CORRECTIONAL CENTER, | ) | |
| | ) | **MEMORANDUM OPINION** |
| Defendant. | ) | **AND ORDER** |

**I. Introduction**

*Pro se* plaintiff Justin Goins filed this *in forma pauperis* civil rights action against the Cuyahoga County Corrections Center. (Doc. No. 1).

In a very brief complaint, Plaintiff claims that he did not receive a shower during his detainment from October 18, 2023 to October 23, 2023, and once again, from November 1, 2023 to November 5, 2023. He alleges that Defendant's actions constitute cruel and unusual punishment under the Eight Amendment. (*Id.* at 7). Plaintiff requests $750,000 in compensatory relief and "for the County to do [its] job." (*Id.* at 4).

**II. Standard of Review**

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). The district court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief may be granted or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in th[e] complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 564, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. Plaintiff is not required to include detailed factual allegations but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

In reviewing a complaint, the court must construe the pleading in the light most favorable

to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

## III. Discussion

As an initial matter, the Cuyahoga County Corrections Center is not a proper defendant. It is not *sui juris*, meaning it is not separate legal entity under Ohio law that can sue or be sued. Rather, it is merely a subunit of Cuyahoga County. *See Cobbeldick v. Cuyahoga Cty. Corr. Ctr.*, No. 1:21 CV 1159, 2021 U.S. Dist. LEXIS 204562, at *6 (N.D. Ohio Oct. 25, 2021); *Wesley v. Cuyahoga County Sheriff's Dep't*, No. 1:19 CV 1232, 2019 U.S. Dist. LEXIS 181896, at *4 (N.D. Ohio Oct. 21, 2019). Plaintiff's claims therefore cannot proceed against the Cuyahoga County Corrections Center.

To the extent the Court can liberally construe the claims against Defendant as asserted against Cuyahoga County, Plaintiff fails to state a claim. A plaintiff may only hold a local government entity liable under 42 U.S.C. § 1983 for the entity's own wrongdoing. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 692-94, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). A local government entity violates Section 1983 where its official policy or custom actually serves to deprive an individual of his or her constitutional rights. *Id.* A "municipal policy" includes "a policy statement, ordinance, regulation, or decision officially adopted and promulgated" by the municipality's "lawmakers or by those whose edicts or acts may fairly be said to represent official policy." *Powers v. Hamilton County Pub. Defender Comm'n*, 501 F.3d 592, 607 (6th Cir. 2007) (quoting *Monell*, 436 U.S. at 690). A "custom" for purposes of *Monell* liability must "be so permanent and well-settled as to constitute a custom or usage with the force of law." *Monell*, 436 U.S. at 691.

To demonstrate that the county's policies caused constitutional harm, the plaintiff must

"(1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injur[ies] w[ere] incurred due to execution of that policy." *Brawner v. Scott Cnty.*, 14 F.4th 585, 598 (6th Cir. 2021) (quoting *Morgan v. Fairfield County*, 903 F.3d 553, 566 (6th Cir. 2018) (internal quotations omitted).

Here, Plaintiff does not identify an ordinance enacted by the County that led to the conditions to which he objects, nor does he allege facts suggesting the conditions were the result of an official custom of Cuyahoga County, as opposed to the actions of individuals working within the Corrections Center. Plaintiff therefore fails to state a claim against Cuyahoga County.

Moreover, even if Plaintiff's claims can be construed to have resulted from the County's customs or policies, Plaintiff fails to state a claim on which relief may be granted pertaining to the conditions of his confinement. As a pretrial detainee, Plaintiff's constitutional protections originate from the Due Process Clause of the Fourteenth Amendment, which protects detainees from being "punished prior to an adjudication of guilt," rather than the Eighth Amendment, which applies to prisoners convicted of crimes. *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *see also Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018). To state a claim as a pretrial detainee for conditions of confinement, Plaintiff must demonstrate, first, that he was held under conditions which posed an objectively and sufficiently serious threat to his health and safety and, second, that each defendant "acted deliberately (not accidentally), [and] also recklessly 'in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" *Brawner*, 14 F.4th 585 at 596 (citation omitted); *Helphenstine v. Lewis Cnty., Kentucky*, 60 F.4th 305, 317 (6th Cir. 2023).

To satisfy the objective component, a pretrial detainee must demonstrate that he suffered

-4-

a "sufficiently serious" condition or deprivation in the prison context. *Helphenstine*, 60 F.4th at 317. In this regard, it is well-established that "the Constitution does not mandate comfortable prisons." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). Prisoners are not entitled to unfettered access to the medical treatment of their choice, *see Hudson v. McMillian*, 503 U.S. 1, 9, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992), nor can they "expect the amenities, conveniences, and services of a good hotel." *Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988); *see Thaddeus-X v. Blatter*, 175 F.3d 378, 405 (6th Cir. 1999).Therefore, only allegations of "extreme deprivations" that deny a prisoner "the minimal civilized measure of life's necessities" are sufficient to state a claim. *Hudson v. McMillan*, 503 U.S. at 8-9 (citations omitted).

To satisfy the subjective component, a pretrial detainee must show that a defendant "not only acted deliberately (not accidentally), but also recklessly 'in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" *Brawner*, 14 F.4th at 596 (quoting *Farmer v. Brennan*, 511 U.S. 825, 836 (1994)); *see also Helphenstine*, 60 F.4th at 317.

Here, Plaintiff alleges only that he was deprived of a shower for one 5-day period in October and one 4-day period in November. This claim does not rise to the level of a constitutional violation. The periodic lack of a shower, although unpleasant, does not constitute the kind of extreme deprivation required to sustain a cognizable conditions-of-confinement claim. *See Hinton v. Doney*, No. 93-2050, 1994 U.S. App. LEXIS 1423, 1994 WL 20225, at *2 (6th Cir. Jan. 26, 1994) (finding that isolated incidents in which guards denied the plaintiff a shower did not deprive the prisoner of the minimal civilized measure of life's necessities to support a constitutional violation); *Reese v. Mahlman*, No. 1:16 CV 639, 2016 U.S. Dist. LEXIS

198582, at *10 (S.D. Ohio July 28, 2016).

### IV. Conclusion

For the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision may not be taken in good faith.

**IT IS SO ORDERED**.

*/s/ Donald C. Nugent*
DONALD C. NUGENT
United States District Judge

DATED: March 12, 2024